```
                  UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       ALEXANDRIA DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | . | Criminal No. 1:19cr334 |
| | . | |
| vs. | . | Alexandria, Virginia |
| | . | November 17, 2020 |
| XIZHI LI, JINGYUAN LI, | . | 9:33 a.m. |
| JIAYU CHEN, and TAO LIU, | . | |
| | . | |
| Defendants. | . | |
| | . | |

. . . . . . . . . . . .

```
          TRANSCRIPT OF ARRAIGNMENT/STATUS CONFERENCE
            BEFORE THE HONORABLE LEONIE M. BRINKEMA
                  UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

| | |
|---|---|
| FOR THE GOVERNMENT: | MICHAEL BEN'ARY, AUSA |
| | KERRY BLACKBURN, SAUSA |
| | United States Attorney's Office |
| | 2100 Jamieson Avenue |
| | Alexandria, VA 22314 |
| | |
| FOR DEFENDANT XIZHI LI: | JOHN C. KIYONAGA, ESQ. |
| | The Law Office of John C. Kiyonaga |
| | 600 Cameron Street |
| | Alexandria, VA 22314 |
| | |
| FOR DEFENDANT JINGYUAN LI: | CHARLES BURNHAM, ESQ. |
| | Burnham & Gorokhov, PLLC |
| | 1424 K Street, N.W., Suite 500 |
| | Washington, D.C. 20005 |
| | |
| FOR DEFENDANT JIAYU CHEN: | CARY S. GREENBERG, ESQ. |
| | Greenberg Costle, P.C. |
| | 8027 Leesburg Pike, Suite 302 |
| | Vienna, VA 22182 |

(APPEARANCES CONTINUED ON PAGE 2)

(Pages 1 - 14)

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

```
 1  APPEARANCES:  (Cont'd.)

 2  FOR DEFENDANT TAO LIU:        MARK S. THRASH, ESQ.
                                  Sher & Cummings
 3                                3800 N. Fairfax Drive, Suite 7
                                  Arlington, VA 22203
 4
    CANTONESE AND MANDARIN        NINA LAI
 5    INTERPRETER:

 6  SPANISH INTERPRETER:          MARIA HORVATH

 7  ALSO PRESENT:                 ELON BERK, ESQ.

 8  OFFICIAL COURT REPORTER:      ANNELIESE J. THOMSON, RDR, CRR
                                  U.S. District Court, Third Floor
 9                                401 Courthouse Square
                                  Alexandria, VA 22314
10                                (703)299-8595
```

```
 1                   P R O C E E D I N G S
 2                       (Defendants present.)
 3            THE CLERK:  Criminal Case 19-334-3, United States of
 4   America v. Jingyuan Li.  Would counsel please note his
 5   appearance for the record.
 6            MR. BURNHAM:  Good morning, Your Honor.  Charlie
 7   Burnham for Jingyuan Li, who's seated in the jury box.
 8            THE COURT:  Thank you.
 9            MR. BURNHAM:  And I'll also note that Mr. Berk --
10            THE COURT:  Wait, hold on one second.  Let me get the
11   interpreters -- just stay where your are.  We have the Spanish
12   language interpreter and Mandarin as well, correct?  If you'll
13   both stand, please?
14            MARIA HORVATH, SPANISH INTERPRETER, AFFIRMED
15       NINA LAI, CANTONESE AND MANDARIN INTERPRETER, AFFIRMED
16            INTERPRETER HORVATH:  And for the record, Maria
17   Horvath, federally certified court interpreter.  Good morning.
18            THE COURT:  Good morning.
19            INTERPRETER LAI:  For the record, my name is Nina
20   Lai, certified Mandarin interpreter.
21            THE COURT:  Good morning.
22            INTERPRETER HORVATH:  And we are having a problem
23   with --
24            THE DEPUTY MARSHAL:  He can't hear you.
25            INTERPRETER HORVATH:  He says it's not clear.
```

1    THE COURT:  How many defendants need the Spanish
2 language interpreter?
3    THE CLERK:  Just him.
4    THE COURT:  All right.  Which defendant is this?
5    MR. KIYONAGA:  Li, L-i, Your Honor, Xizhi Li.
6    THE COURT:  Mr. Kiyonaga, your client.
7    MR. KIYONAGA:  Correct.
8    THE COURT:  All right.  Is the problem -- is the
9 problem the distance?
10    INTERPRETER HORVATH:  Could he sit somewhere else
11 just to try it?  No?
12    THE COURT:  Well, let's move ahead.  We need to do an
13 arraignment first of all, and that's in Mandarin.  We don't
14 even need this defendant to be on that, so let's call the other
15 matter first.  Mr. --
16    THE CLERK:  I can hear her with this.  It's not clear
17 but --
18    THE COURT:  Wait.
19    THE DEPUTY MARSHAL:  It's like a static.
20    INTERPRETER LAI:  Okay.
21    THE COURT:  All right?  That's all right.
22    First of all, all right, we have Mr. Burnham here for
23 Mr. Li, correct?
24    MR. BURNHAM:  Yes.  Good morning, Your Honor.
25    THE COURT:  Good morning.  All right, this is an

5

1  arraignment for your client.  Mr. Burnham, have you had enough
2  time to go over the indictment with your client?
3          MR. BURNHAM:  Frankly, Your Honor, I -- only in the
4  most general terms.  I have not.  I just got appointed last
5  week, and, in fact, I'm not going to be counsel in this case
6  beyond today or tomorrow.  So I have not.  He knows generally
7  the nature of the allegations but not the specifics.
8          THE COURT:  Well, this is supposed to be an
9  arraignment today.  You're supposed to have gone over the
10 indictment with him.
11         MR. BURNHAM:  I understand, Your Honor.
12         THE COURT:  Has he been given a copy of the
13 indictment?
14         MR. BURNHAM:  He does not have a copy of the
15 indictment.
16         INTERPRETER LAI:  It seems like he's having trouble
17 hearing.
18         THE COURT:  Well, counsel, I'll just do this right
19 now:  We obviously can't arraign this defendant because he
20 hasn't had a chance to go over the indictment with his
21 attorney.  Since you're here today and the defendant is here
22 and we have the interpreter, you go down to the lockup and make
23 sure that the indictment has been fully translated, and then
24 we'll have you come back up here, and we will properly arraign
25 this defendant, all right?

1          MR. BURNHAM:  (Nodding head.)

2          THE COURT:  Now, all the other defendants have been
3  arraigned, and this was set as a status conference, which is
4  not a critical time in the proceedings anyway.  You may or may
5  not know that yesterday, the chief judge issued a new general
6  order, it's 2020-22.  Because of the virus increases in the
7  area and the fact that the governor has already reduced the
8  number of persons who can be together to 25, the chief judge
9  has at this point ordered that there will be no more criminal
10 jury trials until at the earliest January 19 of 2021.  All the
11 criminal cases that are already in the hopper would get first
12 priority because these cases have been waiting.  Some of you
13 may even have some of those cases.

14         And the order also provides that the cases for
15 incarcerated defendants will get first priority over those
16 defendants who may be out on bond, but this case, which has
17 been lingering, and there's still some other defendant, there's
18 one coming across country still, we can't even get a trial date
19 yet for this case.

20         So we've had a status hearing, and I can't change the
21 status of things.  What we're going to do is all we're going to
22 do today is set another status hearing for the next year,
23 counsel, and it gives you a chance to further digest the
24 discovery, file any motions, do -- work out whatever you can in
25 the case, but all I'm going to do today is set a status hearing

1  for sometime in January, late January, when we see how the
2  trials that have backed up go into the hopper.  I may have a
3  better sense then of when we can set a trial date for this
4  case.  And that's all we can do for you at this point, all
5  right?
6       So in your case, though, Mr. Burnham, you'll need to
7  come back to court once your client and you have had a chance
8  to go over the indictment.  Now, did you indicate there's
9  another attorney coming in on this case?
10      MR. BURNHAM:  Your Honor, yes.  Mr. Berk is here
11 today, and he's just in the process of getting his pro hac
12 application entered with the Court, but he's going to be
13 representing Mr. Li in this case.
14      MR. BERK:  Good morning, Your Honor.
15      THE COURT:  What, as a retained attorney?
16      MR. BURNHAM:  Yes, Your Honor.
17      THE COURT:  All right.  You'll need local counsel.
18      MR. BERK:  I've already secured that, Your Honor.
19      THE COURT:  Who's the local counsel going to be?
20      MR. BERK:  Douglas Ramseur.
21      THE COURT:  All right.  Well, until you're in the
22 case, you're not in the case, okay?
23      But in any case, just so you know, counsel, the
24 status hearing date, I think, makes most sense late January.
25 As I said, by then we'll have a better sense of how the virus

1  is affecting the community and also how many criminal trials
2  are ahead of this one.
3          How is Tuesday, January 26 of 2021, for everybody?
4  Do you-all think you can make that date?
5          Mr. Kiyonaga?
6          MR. KIYONAGA:  Your Honor, may I address the Court
7  from here, or should I go up to the lectern?
8          THE COURT:  No, you have to be at the lectern.
9          And then, counsel, I didn't get you-all to put your
10 names on the record.  Just let me know who's here for which
11 defendants.
12         MR. THRASH:  Mark Thrash for defendant Tao Liu.
13         THE COURT:  All right, Mr. Thrash.
14         MR. THRASH:  Yes, ma'am.  And the 26th is fine.
15         THE COURT:  All right.
16         MR. GREENBERG:  Cary Greenberg for Jiayu Chen, and
17 the 26th is okay with me.
18         THE COURT:  All right.
19         MS. BLACKBURN:  Kerry Blackburn on behalf of the
20 United States.
21         THE COURT:  All right.  And Mr. Burnham?
22         MR. BURNHAM:  Charles Burnham here for Mr. Li.
23         THE COURT:  I'm assuming that's all right for you as
24 well, sir?
25         MR. BERK:  It is, Your Honor, thank you.

1          THE COURT: All right. Mr. Kiyonaga?

2          MR. KIYONAGA: Your Honor, please note for the record

3 my objection to this and all the continuances of the trial

4 date. I have a jury trial in front of Judge Ellis on the 19th

5 of January.

6          THE COURT: A strong probability that will not go at

7 that time. I'm just warning you because -- I'm just alerting

8 you to that fact, but also, we'll set this for 9:00 as a status

9 hearing. It shouldn't take more than five minutes, and I'll

10 let -- if for some miraculous reason your trial is going to go

11 forward, but you said the 19th is when you're set for a jury

12 trial?

13          MR. KIYONAGA: Correct, ma'am. I suspect that may be

14 why the general order reads the way it does.

15          THE COURT: Right. And we'll be closed on the 20th.

16 Unless there's some change, that's the Inauguration Day, and so

17 the court will not be in session on the 20th, so if you have a

18 trial that starts on the 19th, which is highly unlikely, you'll

19 have a couple of breaks in it as well.

20          MR. KIYONAGA: With that understanding, there's no

21 logistical barrier to my being here on the 26th, Your Honor.

22          THE COURT: All right. So 9:00, Tuesday, January 26,

23 unless something else changes, and we'll let you know if that

24 happens, all right? I mean, it's conceivable if the numbers

25 are terrible that there'll be another general order that will

1 further continue matters, all right?

2     MR. KIYONAGA: Understood, Your Honor.

3     THE COURT: All right, that's fine.

4     I also just want to make sure that we are fully in
5 compliance with the new version of Rule 5. Some of the
6 defendants have already been orally advised, but I'm entering
7 orders today to just advise the government that you are under
8 an absolutely strong obligation, now much stronger than it used
9 to be, to fully comply with the obligations of *Brady*, and *Brady*
10 means not only providing any potentially exculpatory evidence
11 that might affect the issues of guilt but also any that might
12 affect the issue of sentencing, and that *Brady* material must be
13 turned over as soon as the government becomes aware of it, and
14 your obligation as a prosecutor is to make sure that not only
15 your office but any of the agencies that have been working with
16 you-all, if they have any potentially exculpatory evidence, it
17 must be turned over promptly.

18     Do you understand that?

19     MS. BLACKBURN: Yes, Your Honor.

20     THE COURT: All right, that's fine.

21     All right, so we'll have to reconvene when,
22 Mr. Burnham, you've finished going over the indictment with
23 your client, and we'll need our Mandarin interpreter then to
24 stay. We'll have to come back to court just for the one
25 defendant to properly arraign him, and then that will be it

1  with this case.
2              Is there anything further, counsel?  No?
3              MR. KIYONAGA:  No, Your Honor.
4              THE COURT:  All right, we'll recess court until
5  further notice.
6              (Recess from 9:45 a.m., until 11:28 a.m.)
7                          (Defendant Jingyuan Li present.)
8              THE CLERK:  Recalling Criminal Case 19-334-3, United
9  States of America v. Jingyuan Li.  Would counsel please note
10 their appearances for the record.
11             MR. BEN'ARY:  Good morning again, Your Honor.
12 Michael Ben'Ary for the United States.
13             THE COURT:  Good morning.
14             MR. BURNHAM:  Good morning, Your Honor.  Charlie
15 Burnham here again for Jingyuan Li.
16             THE COURT:  All right.  Now, Mr. Burnham, you've had
17 about an hour and a half to go over the superseding indictment,
18 which I recognize is a complex superseding indictment, and
19 you've had the assistance of our Mandarin interpreter.
20             Are you satisfied that you've had enough time to go
21 over the indictment with your client?
22             MR. BURNHAM:  Yes, Your Honor.
23             THE COURT:  And how does -- does he wish a formal or
24 informal arraignment?
25             MR. BURNHAM:  He'll waive formal reading and enter

```
                                                                    12
 1   pleas of not guilty.
 2              THE COURT:  And I assume you're requesting a jury
 3   trial?
 4              MR. BURNHAM:  Correct, Your Honor.
 5              THE COURT:  And you remember my earlier comments.
 6   That means that's going to be sometime way down in the future
 7   because we're at the mercy of major scheduling problems.
 8              MR. BURNHAM:  Understood.
 9              THE COURT:  All right.  I will direct that,
10   obviously, if you're going to file any motions, we didn't set a
11   motions date yet for this case, and frankly, I think we're so
12   far down the road, once we have that status conference, we'll
13   set a motions date at that point, all right?
14         Mr. Ben'Ary, do you have a discovery order for this
15   case?
16              MR. BEN'ARY:  Your Honor, I handed up a discovery
17   order and a motion for a protective order and a proposed
18   protective order.  Those should all be up at the bench.
19              THE COURT:  All right.  These are the standard ones
20   that your office uses, and, of course, I've also issued a
21   written order for the amended Rule 5.
22              MR. BEN'ARY:  Completely understood, Your Honor, and
23   we'll, of course, continue to abide by that as well.
24              THE COURT:  All right, hold on a second.
25              MR. BEN'ARY:  Those are signed by retained counsel,
```

1  who we believe to be coming in once his paperwork is in order.
2              THE COURT:  All right.  And if for any reason that
3  doesn't happen, we can get that corrected.
4              Mr. Berk, where do you practice?
5              MR. BERK:  Central District of California, Your
6  Honor.
7              THE COURT:  Okay.  We're quite different out here, so
8  make sure whoever you have as local counsel is somebody who's
9  practiced here a lot, all right?  Local counsel are not just
10 rubber stamps.  They're technically the lawyer who is
11 responsible to the Court, so he or she needs to really know how
12 we operate, all right?
13             MR. BERK:  All right.  I believe Mr. Ramseur will fit
14 that description.  Thank you, Your Honor.
15             THE COURT:  All right.  Is there anything further for
16 this case?
17             MR. BEN'ARY:  Not from the government, Your Honor.
18             THE COURT:  How about from the defense standpoint?
19             MR. BURNHAM:  No, Your Honor.
20             THE COURT:  All right.  Then, Mr. Burnham, at this
21 point, you are -- your appointment is terminated, so just go
22 ahead and submit your paperwork.  Any discovery that you may
23 have already received you should certainly forward to Mr. Berk.
24             MR. BURNHAM:  Thank you, Your Honor.
25             THE COURT:  All right?  But we need to get your

1 official appearance in promptly, sir.

2 MR. BERK: Yes, Your Honor.

3 THE COURT: All right. All right, anything further
4 on this case?

5 MR. BEN'ARY: No, Your Honor.

6 MR. BURNHAM: No, Your Honor, thank you.

7 THE COURT: No? We'll recess court for the day. The
8 defendant is remanded.

9                                (Which are all the proceedings

10                                   had at this time.)

11

12                       CERTIFICATE OF THE REPORTER

13      I certify that the foregoing is a correct transcript of
14 the record of proceedings in the above-entitled matter.

15

16

17                                      /s/
                                   Anneliese J. Thomson
18

19

20

21

22

23

24

25