UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | . | Criminal No. 1:19cr334-3 |
| | . | |
| vs. | . | Alexandria, Virginia |
| | . | January 26, 2021 |
| XIZHI LI, JINGYUAN LI, | . | 9:33 a.m. |
| ERIC YONG WOO, JIAYU CHEN, | . | |
| and TAO LIU, | . | |
| | . | |
| Defendants. | . | |
| | . | |

. . . . . . . . . . .

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE LEONIE M. BRINKEMA
UNITED STATES DISTRICT JUDGE
(Via Teleconference)

APPEARANCES:

FOR THE GOVERNMENT:          DAVID A. PETERS, AUSA
                             MARY K. DALY, SAUSA
                             United States Attorney's Office
                             2100 Jamieson Avenue
                             Alexandria, VA 22314

FOR DEFENDANT XIZHI LI:      JOHN C. KIYONAGA, ESQ.
                             The Law Office of John C.
                             Kiyonaga
                             600 Cameron Street
                             Alexandria, VA 22314

FOR DEFENDANT JINGYUAN LI:   ELON BERK, ESQ.
                             Gurovich, Berk & Associates
                             15250 Ventura Boulevard
                             Suite 1220
                             Los Angeles, CA 91403
                               and
                             DOUGLAS A. RAMSEUR, ESQ.
                             The Ram Law Firm
                             530 E. Main Street, Suite 608
                             Richmond, VA 23219

(APPEARANCES CONTINUED ON PAGE 2)

(Pages 1 - 15)
COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

1   <u>APPEARANCES</u>:  (Cont'd.)

2   FOR DEFENDANT ERIC YONG WOO:   PATRICK A. MULLIN, ESQ.
                                   The Law Offices of Patrick A.
3                                  Mullin
                                   45 Rockefeller Plaza, Suite 2000
4                                  New York, NY 10111

5   FOR DEFENDANT JIAYU CHEN:      RENEE M. WONG, ESQ.
                                   401 Broadway, Suite 306
6                                  New York, NY 10013-3005
                                     and
7                                  CARY S. GREENBERG, ESQ.
                                   Greenberg Costle, P.C.
8                                  8027 Leesburg Pike, Suite 302
                                   Vienna, VA 22182
9
    FOR DEFENDANT TAO LIU:         JONATHAN A. SIMMS, ESQ.
10                                 The Simms Firm, PLC
                                   11325 Random Hills Road
11                                 Suite 360
                                   Fairfax, VA 22030
12
    OFFICIAL COURT REPORTER:       ANNELIESE J. THOMSON, RDR, CRR
13                                 U.S. District Court, Third Floor
                                   401 Courthouse Square
14                                 Alexandria, VA 22314
                                   (703)299-8595
15

16

17

18

19

20

21

22

23

24

25

1                   P R O C E E D I N G S

2                   (Defendants not present.)

3          THE COURT:  All right, this is the matter of United

4   States of America v. Xizhi Li, et al., Criminal No. 19cr334.

5   Mr. Peters, are you there for the United States?  Hello?

6                   (No response.)

7          THE COURT:  Hello?  Hello?

8          MS. DALY:  Judge?

9          THE COURT:  What?

10         MS. DALY:  Judge Brinkema, it's Mary Daly.

11         THE COURT:  Wait.  All right, we'll try this again.

12   This is the matter of United States of America v. Xizhi Li, et

13   al., Criminal No. 19cr334.

14         Who is on the line for the, for the government?

15         MR. PETERS:  Good morning, Your Honor.  This is David

16   Peters.  I believe I'm also joined by Mary Daly for the United

17   States.

18         THE COURT:  All right, good morning.

19         Mr. Kiyonaga, are you there for Mr. Xizhi Li?

20                   (No response.)

21         THE COURT:  Mr. Kiyonaga, are you there?

22                   (No response.)

23         THE COURT:  Hello?

24         All right, Mr. Burnham, are you there?

25                   (No response.)

1          All right, Mr. Peters, are you still there?

2          MR. PETERS:  Yes, Your Honor, I am.

3          THE COURT:  Are any defense attorneys currently on

4     the line?

5          MR. GREENBERG:  Good morning, Your Honor.  Cary

6     Greenberg for Jiayu Chen.

7          THE COURT:  All right, Mr. Greenberg.

8          MS. WONG:  And Renee Wong for Jiayu Chen.

9          THE COURT:  All right.

10         MR. BERK:  And, Your Honor, Elon Berk for Jingyuan

11    Li.

12         THE COURT:  I'm sorry --

13         MR. MULLIN:  Patrick Mullin --

14         THE COURT:  Wait, wait.

15         MR. MULLIN:  I'm Patrick Mullin.

16         THE COURT:  I'm sorry, who is here for Mr. Jingyuan

17    Li?  Is that Mr. Burnham?

18         MR. PETERS:  Your Honor, I believe -- this is David

19    Peters, Your Honor.  I believe Mr. Burnham was released.  He

20    has retained counsel who has local counsel, who I believe will

21    introduce themselves now.

22         THE COURT:  All right.

23         MR. RAMSEUR:  That's right, Your Honor.  My name is

24    Doug Ramseur, local counsel here for Mr. Li, and Mr. Elon Berk

25    is also on the call for Mr. Li.

1          THE COURT:  All right, great.  All right.

2          MR. BERK:  Yes, Your Honor.

3          THE COURT:  All right.  Now, who is here for Mr. Woo?

4    Mr. Mullin, are you there?

5          MR. MULLIN:  Yes, I am, Your Honor.

6          THE COURT:  Thank you.

7          For Mr. -- Mr. Simms, are you here for Mr. Liu?

8          MR. SIMMS:  Yes.  Good morning, Your Honor.

9          THE COURT:  Very good.  And now go back,

10   Mr. Kiyonaga, are you there?

11                    (No response.)

12         THE COURT:  Mr. Kiyonaga?

13                    (No response.)

14         THE COURT:  Mr. Peters, have you had any

15   communication with Mr. Kiyonaga?

16         MR. PETERS:  Last week, I believe, Your Honor, when

17   we were discussing possible trial dates, but, but not since.

18         THE COURT:  Have any defense counsel had any

19   communication with Mr. Kiyonaga?

20         MR. SIMMS:  He sent an e-mail on --

21         THE COURT:  Wait.

22         MR. SIMMS:  -- Sunday evening.

23         THE COURT:  Hold on a second.  We need to -- stop.

24   I'm sorry, you have to say your name before you speak so my

25   court reporter can attribute the statement to the right person.

1  Who was speaking?

2      MR. SIMMS:  I apologize.  This is Jonathan Simms.

3      THE COURT:  Yes, Mr. Simms.

4      MR. SIMMS:  I had communication with Mr. Kiyonaga on

5  Sunday where he was just referencing that he was able to obtain

6  written consent from his client.

7      THE COURT:  For waiving --

8      MR. GREENBERG:  Your Honor, this is --

9      THE COURT:  Go ahead.

10     MR. GREENBERG:  Your Honor, this is Cary Greenberg.

11 I just wanted to talk to -- I did note, I think it was even

12 this morning he filed an ECF, again, assent with the waiver for

13 his client's appearance today.

14     THE COURT:  All right.  Well, I knew that he was

15 going to -- he had indicated he was going to waive his client's

16 appearance, and, of course, I issued an order yesterday.  I

17 recognized that we would have a more perfect record if each

18 defendant were waiving.

19     I don't know if any of you had a chance to talk with

20 your clients about whether they were objecting to going forward

21 with a status hearing today without their actual presence.

22 Were any of you able to talk with your clients about that

23 situation?

24     Mr. Ramseur, were you able to talk with your client?

25     MR. RAMSEUR:  Judge, I'll let Mr. Berk answer.

1          THE COURT:  All right.  Mr. Berk?

2          MR. BERK:  Thank you, Your Honor.  I did speak with

3   my client, and I explained the possibility that he would not be

4   brought out, and he understood and agreed to this hearing

5   today.

6          THE COURT:  All right.  Mr. Mullin, how about you?

7   Did you get a chance to communicate with Mr. Woo?

8          MR. MULLIN:  I did not, Your Honor.  I did not get a

9   chance to speak to him about this.

10         THE COURT:  Are you objecting on his behalf to this

11  matter going forward without his being present?

12         MR. MULLIN:  I am not.

13         THE COURT:  All right.  Mr. Greenberg, how about you?

14         MR. GREENBERG:  Your Honor, I believe Ms. Wong spoke

15  to, to our client.

16         THE COURT:  And did your client have any objection?

17         MS. WONG:  Your Honor, this is Renee Wong.  I spoke

18  to my client, who does not have any objection with this status

19  conference going forward without his appearance.

20         THE COURT:  All right.  And, Mr. Simms, how about

21  you?

22         MR. SIMMS:  Your Honor, I spoke to him, and he has no

23  objection to this hearing going forward.

24         THE COURT:  All right.  Well, that's excellent.

25         Now, again, we all know that the COVID-19 virus

1  epidemic, which, of course, right now is very, very high in

2  Virginia, and the various general orders that Chief Judge Davis

3  has issued has greatly slowed things down.  This case has

4  always qualified as a complex case for purposes of the Speedy

5  Trial Act because of the number of defendants, and initially

6  when Mr. Li, Mr. Kiyonaga's client, was first arrested, several

7  defendants were still not arrested, and the government had

8  requested various continuances.  Mr. Woo was just arrested and

9  brought into the district within the last two weeks or so.

10          So we now have all but one defendant, and he is a

11  fugitive, and I don't believe it's expected that he will be --

12          MR. KIYONAGA:  Hello.

13          THE COURT:  Is that Mr. Kiyonaga?

14          MR. KIYONAGA:  Hello.

15          THE COURT:  Is that --

16          MR. KIYONAGA:  Yes, yes.  I'm sorry, I was on the

17  line, and I must have gotten disconnected.  I've been on since

18  nine.

19          THE COURT:  Okay.  That's great, Mr. Kiyonaga.  And

20  we've got the waiver from your client.

21          So I was just beginning to explain that, you know,

22  this case has been considered a complex case since the

23  beginning, but now we have all defendants on board.  We're not

24  going to delay the case any further to await more arrests.

25          The problem we still face, however, is that with

1   COVID being what it is and the general orders of the Court, as

2   you know, all jury trials have been cancelled through the end

3   of February.  If at the -- in March there are sufficient

4   indications that things are getting safer, I'm expecting we

5   will again be able to start up criminal jury trials.

6          The next issue is going to be, however, there are

7   multiple cases that have been in the hopper, that is, cases

8   that other judges have set for trial in December, January, and

9   February that are having to be, you know, had to be continued,

10  and, of course, in Mr. Woo's case, Mr. Mullin is brand new to

11  the case and has not had a chance to get discovery, which I

12  understand is still ongoing; that is, not all the discovery is

13  even in yet at this point.

14         So realistically, I think we all have to expect that

15  this case cannot be set for a trial in the near future.  I'm --

16  I was hoping that all of you had had a chance to talk among

17  yourselves and to come up with a game plan for about when

18  defense counsel feel that you'll all be ready to try this case

19  and when the government feels that all discovery will have been

20  produced.

21         So, Mr. Peters, let me start with you.  Is all

22  discovery in at this point, and if not, how much longer does

23  the government believe it needs to provide defense counsel with

24  everything they need to have and should have?

25         MR. PETERS:  Your Honor, all discovery has not yet

1    been provided to defense counsel.  We've been pushing it out as

2    fast as we can -- as we can get it processed here in the

3    office.  I have another production that I'm preparing now, and

4    then I'll, I'll ask the defense counsel to send me their hard

5    drives so I can push it back out to them.

6           I -- right now, we have several iCloud accounts and

7    phones that are undergoing review as we speak.  They're all --

8    most of the, the content, unfortunately, is in Cantonese or

9    Mandarin, so that does slow the process a bit, but I know that

10   the DEA has placed special priority on finishing these

11   productions.  I hope to have those in office within the next

12   two months.

13          And if I could skip ahead just a little bit, Your

14   Honor, I have spoken to at least one counsel for each of the

15   various defense teams, and I think we're all in relative

16   agreement that August 23 would be the date we'd like to -- if

17   we're going to have a trial, the date we'd like to start.  With

18   the five defendants that we have right now, I expect it would

19   be approximately a two-week trial.  Obviously, if folks plead

20   guilty and we can pare down the witnesses, that would change.

21          THE COURT:  Are all defense counsel in agreement that

22   a trial on October -- starting October 23 --

23          MR. PETERS:  Your Honor, I'm sorry, August 23.

24          THE COURT:  I'm sorry, August 23 works into your

25   schedule?  Mr. Kiyonaga?

1    MR. KIYONAGA:  Your Honor, this is, this is John

2 Kiyonaga for Mr. Li.  I am free that week and logistically can

3 accommodate a trial.  I think the Court remembers that I

4 objected to the delay of the trial back in June of last year.

5 I maintain that objection, but in terms of my schedule, I am

6 available then.

7    THE COURT:  That's, that's fine.

8    MR. PETERS:  Your Honor -- Your Honor, this is

9 Mr. Peters again.  I would just note in lieu of -- in light of

10 Mr. Kiyonaga's objection, the Court still is pending

11 jurisdiction in this matter due to his interlocutory appeal.

12 Technically, I mean, the Court couldn't even hold the -- can't

13 even hold the trial until that's resolved.

14    THE COURT:  Where is that -- what's the status of

15 that, Mr. Kiyonaga?  Have you got a briefing schedule?

16    MR. KIYONAGA:  I have not, Your Honor.  Mr. Peters

17 has moved to dismiss.  The Court has suspended the briefing

18 schedule and is considering his motion.

19    THE COURT:  Okay.  All right.  Well, in any case, I

20 recognize down the road there may be a due process, so it's a

21 legitimate issue, and you can certainly raise it, but at this

22 point, I'm glad to hear that the 23rd works for you.

23    Mr. Ramseur or Mr. Berk, does -- that date works for

24 you as well?

25    MR. BERK:  Yes, Your Honor.  That's the date we

1   agreed on with the government.

2           THE COURT:  All right.  And who was speaking?

3           MR. RAMSEUR:  Yes, Your Honor.

4           MR. BERK:  Oh, Elon Berk, Your Honor.  I apologize.

5           THE COURT:  Mr. Berk, okay.

6           All right, Mr., Mr. Mullin for Mr. Woo?

7           MR. MULLIN:  Yes, Judge, that date works for me.

8           THE COURT:  All right.  How about Mr. Greenberg?

9           MR. GREENBERG:  Yes.  Yes, Your Honor, that date

10  works for us.

11          THE COURT:  And Mr. Simms?

12          MR. SIMMS:  I'm available that date, Your Honor.

13          THE COURT:  All right.  I'm going to -- I'm going to

14  put on the calendar then for a potential two-week trial

15  starting Monday, August 23, at 10:00, with a jury.  What I

16  think I'm going to do is we probably just for sake of making

17  sure things are in good shape will set a motions hearing date,

18  and realistically, those dates ought to be, you know,

19  sufficiently ahead of trial.

20          How about -- I mean, I think if there are going to be

21  any kinds of dispositive motions, they can be filed within the

22  next two or three months, after you've seen all this discovery.

23  Argument July 20?  Does that work for you-all?

24          A VOICE:  One moment, please, Your Honor.

25          THE COURT:  Yeah, we're still doing --

1           MR. KIYONAGA:  That works here, ma'am.

2           THE COURT:  All right.  That's --

3           MR. KIYONAGA:  This is John Kiyonaga.  The 20th of

4    July is fine.

5           THE COURT:  All right.  Mr. Berk, does that work for

6    you?

7           MR. BERK:  Yes, Your Honor, it does.

8           THE COURT:  All right.  How about you, Mr. Mullin?

9           MR. MULLIN:  It does, Judge.

10          THE COURT:  All right.  Mr. Greenberg?

11          MR. GREENBERG:  Yes, ma'am.

12          THE COURT:  And Mr. Simms?

13          MR. SIMMS:  Yes, Your Honor.

14          THE COURT:  All right.  At this point, I am going to

15   assume we'll be doing all in-court proceedings again, so I'm

16   going to set those motions time for 9:00 on Tuesday the 20th.

17   If for some reason we are still in this virtual environment,

18   the VTC in Alexandria won't do anything before 10:00, so the

19   time might have to shift, but right now we'll set it for 9:00

20   for the argument of any motions.

21          Now, some motions we can resolve on the papers that

22   are submitted, but if we need argument or if I want argument,

23   it would be on that Tuesday, July 20, all right?  Is there

24   anything else we need to address?

25          MR. PETERS:  Your Honor, this is Mr. Peters.  I just

1   wanted to clarify:  You set that -- you set that hearing for
2   10:00 or 9:00?
3           THE COURT:  It's for 9:00.  It could shift to 10:00
4   if we have to do it by VTC.
5           MR. PETERS:  Understood, Your Honor.  Thank you.
6           THE COURT:  All right.  Is there anything else we
7   need to address while we're all together on the phone?
8           MR. PETERS:  I don't believe anything from the
9   government, Your Honor.
10          THE COURT:  All right.  Mr. Kiyonaga, anything
11  further from you?
12          MR. KIYONAGA:  No, ma'am.
13          THE COURT:  All right.  Mr. Berk?
14          MR. BERK:  No, Your Honor.
15          THE COURT:  Mr. Mullin?
16          MR. MULLIN:  No, Judge.
17          THE COURT:  Mr. Greenberg?
18          MR. GREENBERG:  No, Your Honor.
19          THE COURT:  Mr. Simms?
20          MR. SIMMS:  No, Your Honor.
21          THE COURT:  All right.  Thank you, gentlemen, for
22  calling in.  Stay safe, and we'll see you sometime in the
23  spring or summer, all right?
24          ALL COUNSEL:  Thank you, Your Honor.
25          THE COURT:  All right, bye-bye.

1          (Which were all the proceedings

2             had at this time.)

3

4          CERTIFICATE OF THE REPORTER

5     I certify that the foregoing is a correct transcript of

6  the record of proceedings in the above-entitled matter.

7

8

9                    _____
                              /s/
10                      Anneliese J. Thomson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25