Case 1:19-cr-00334-LMB Document 244 Filed 04/14/21 Page 1 of 5 PageID# 1138

FILED
IN OPEN COURT

APR 14 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19-CR-334 |
| | ) | |
| TAO LIU, | ) | Hon. Leonie M. Brinkema |
| | ) | |
| Defendant. | ) | |

CONSENT ORDER OF FORFEITURE

WHEREAS, on April 14, 2021, the defendant, Tao Li, pleaded guilty to Counts Three and Eight of the Superseding Indictment. Count Three charges the defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), and Count Eight charges the defendant with bribery of a public official, in violation of Title 18, United States Code, Section 201(b)(1). The defendant further agreed to the entry of a forfeiture money judgment and property that is the subject of this order of forfeiture;

WHEREAS, the defendant obtained at least $14,500 during his participation in the conspiracy to commit money laundering, an amount for which the defendant will be solely liable;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(4) and 43(a) with respect to notice in the Superseding Indictment that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The United States of America shall have a forfeiture money judgment, pursuant to Fed. R. Crim. P. 32.2 (b)(1) & (2), and 18 U.S.C. § 982(a)(1), against the defendant, Tao Liu, for $ 14,500, an amount that represents the sum involved in Count Three of the Superseding Indictment, and an amount for which the defendant shall be solely liable.

2. The United States of America may collect said judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets. The defendant stipulates and the Court finds that the requirements of 21 U.S.C. § 853(p)(1) have been met.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and pursuant to Fed. R. Civ. P. 45, the issuance of subpoenas.

4. In satisfaction of the forfeiture money judgment, the following assets are forfeited to the United States of America, pursuant to 21 U.S.C. § 853(p), as substitute assets for the sum involved in Count Three of the Superseding Indictment:

    a. Approximately $995 USD ($1000 USDT) voluntarily surrendered by the defendant to law enforcement on June 7, 2020;

    b. Approximately $3,981 USD ($4,000 USDT) voluntarily surrendered by the defendant to law enforcement on June 11, 2020;

    c. Approximately $3,000 USD voluntarily surrendered by the defendant to law enforcement on July 5, 2020;

    d. Approximately $2,000 USD voluntarily surrendered by the defendant to law enforcement on July 6, 2020; and

    e. Approximately $4,488 USD ($4,500 USDT) voluntarily surrendered by the defendant to law enforcement on October 10, 2020.

5. The Attorney General, Secretary of Homeland Security, Secretary or the Treasury, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. § 853(g).

6. The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government's Internet site, www.forfeiture.gov, for 30 consecutive days, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1) & (2).

7. This Order of Forfeiture is final as to the defendant, and shall be made part of the defendant's sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4).

8. Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

9. If no third party files a timely petition, this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7).

10. If this Court grants any third-party rights, a Final Order of Forfeiture that amends this Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

Date:

/s/ Leonie M. Brinkema
United States District Judge 4/14/21

WE ASK FOR THIS:

Raj Parekh
Acting United States Attorney

By:
David A. Peters
Michael P. Ben'Ary
Assistant United States Attorneys

Deborah Connor
Chief, Money Laundering and Asset Recovery Section
U.S. Department of Justice, Criminal Division

Kerry Blackburn
Mary Daly
Trial Attorneys

Tao Liu
Defendant

Jonathan Simms, Esq.
Counsel for the Defendant

4

/s/

Leonie M. Brinkema
United States District Judge