IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:19-CR-334 (LMB) |
| TAO LIU, | Sentencing Date:  August 3, 2021 |
| Defendant. | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through undersigned counsel, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual (USSG), § 6A1.2 (2018), hereby files this Position of the United States with Respect to Sentencing in this case. The government has reviewed the Presentence Report, dated June 25, 2021, and concurs with the findings of the Probation Office.  The defendant's total offense level under the USSG is 30, which at his Criminal History Category of I, yields a guidelines range of 97-121 months.  The government respectfully submits that a sentence of 97 months is reasonable and appropriately accounts for the factors set forth under 18 U.S.C. § 3553(a), including the need to avoid unwarranted sentencing disparities.

The government agrees that the defendant has assisted authorities in the prosecution of his own misconduct by timely notifying the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  The government moves for a one-level reduction pursuant to U.S.S.G. § 3E1.1(b).  The Probation Office has taken this reduction into account in

its Guidelines calculation and it is reflected in paragraph 79 of the Presentence Report.

<u>BACKGROUND</u>

From at least 2011 through in and around October 2020, the defendant Tao Liu conspired with others to assist foreign drug trafficking organizations (DTOs) launder and repatriate drug proceeds generated from the unlawful drug sales in the United States.  This money laundering organization, led by Xizhi Li ("X. Li") and others, had direct contact with foreign DTOs to obtain contracts to move and launder illegal drug proceeds in return for commissions.  The organization used a complex methodology, known as "trade-based money laundering", in which drug proceeds are used to purchase goods, and value is transferred between countries through "mirror transactions" and/or the export and sale of goods.  This money laundering methodology facilitates the movement of illegal drug proceeds from the U.S. to Mexican DTOs in a manner that conceals the nature and source of the proceeds and avoids the risk of detection associated with wiring funds between financial institutions.

The defendant and his co-conspirators went to great lengths to conceal the nature, source, ownership, and control of the drug proceeds they laundered.  When illegal drug sales in the United States generated bulk cash, money couriers would transport the cash across the United States so that other members of the conspiracy could conduct additional financial transactions in a different location from the state where the drugs were sold.  Further, members of the money laundering conspiracy used bank accounts in the United States, China, Mexico, and elsewhere, including accounts opened under fictitious identities, to conduct financial transactions with drug proceeds. Certain members of the conspiracy, including X. Li, regularly used false identities and fraudulent identification documents to cover their tracks.  Finally, members of the conspiracy relied on end-to-end encrypted communications applications, such as "We Chat" and "Whats App," to

communicate about their unlawful activities without fear of detection by law enforcement.

The defendant played a role in this money laundering conspiracy because he, on at least one occasion, during the pendency of the conspiracy in Count 3, accepted proceeds from the distribution of cocaine.  He accepted money from a courier in Los Angeles which the defendant deposited into a Chinese bank account whose number was provided to him by X. Li.  The defendant's actions concealed the nature and source of the illicit funds which would be repatriated to the Mexican DTOs through trade-based money laundering.

Starting in April 2020 and continuing through October 2020, the defendant communicated with an undercover agent (UC-1), a Special Agent of the Drug Enforcement Administration who posed as a money laundering associate of X. Li.  During these communications the defendant created a scheme to obtain U.S. passports for individuals, including himself, that would allow them to enter into the United States without legal authorization to do so.  The defendant agreed to a purchase price of $150,000 in U.S. currency for each U.S. passport and provided a completed Application for a Passport, form DS-11, for himself and another individual to UC-1.  The defendant believed that the DS-11 forms were going to be provided to a corrupt Department of State employee who would produce the illegal U.S. passports.  The employee was in truth an undercover agent (UC-2), a Special Agent of the Drug Enforcement Administration.  The defendant deposited funds or caused funds to be deposited into an account controlled by the Drug Enforcement Administration on four occasions for a total of approximately $10,000 in U.S. currency.  One of those occasions was on June 7, 2020, for approximately $1,000 in U.S. currency, as charged in Count 8.

On September 24, 2020, a federal grand jury sitting in the Eastern District of Virginia returned a Superseding Indictment charging the defendant in fourteen counts with: conspiracy to

distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); conspiracy to distribute five kilograms or more of cocaine, knowing and intending that it will be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960, 963 (Count 2); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Counts 3, 12); attempted identity fraud, in violation of 18 U.S.C. § 1028(a)(1) and (f) (Counts 4-7); bribery, in violation of 18 U.S.C. § 201(b)(1) (Counts 8-11); and money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A).

On April 14, 2021 the defendant pleaded guilty, pursuant to a Plea Agreement, to Count 3 of the Superseding Indictment, Conspiracy to Commit Money Laundering and Count 8 of the Superseding Indictment, Bribery.  The defendant agreed to a forfeiture money judgment in the amount of $14,500 arising from his commission of Count 3 and further signed a Consent Order of Forfeiture that allows the government to seize $14,488 in the Government's custody as a substitute asset.  The government will move to dismiss Counts 1, 2, 4-7, and 9-14 of the Superseding Indictment against the defendant at sentencing.

<u>ANALYSIS OF SENTENCING FACTORS</u>

I.    <u>Overview of Applicable Law</u>

Although the United States Sentencing Guidelines are advisory, *United States v. Booker* provides that a sentencing court "must consult those Guidelines and take them into account when sentencing."  543 U.S. 220 (2005).  "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines.  Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in Section 3553(a) before imposing the sentence.  *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

4

Under Title 18, United States Code, Section 3553, the Court must consider the nature and circumstances of the offense and the characteristics of the defendant.   In addition, the Court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B).   The Court must consider the need for the sentence imposed to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) and (D).   The Court must also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

II.      Sentencing Recommendation

The government submits that a significant sentence is warranted to account for the nature and circumstances of the offense and the seriousness of the defendant's criminal conduct.   The Probation Office correctly calculated the defendant's guidelines range at 97-121 months, and the government agrees that the defendant is not eligible for a role enhancement under U.S.S.G. § 3B1.1.   Nevertheless, the government submits that the defendant's conduct was more serious than the conduct of  Xueyong Wu and George Yu, both of whom received 60-month sentences, based on his additional conduct as charged in Counts 4-14, a scheme to obtain multiple U.S. passports through bribery of an alleged corrupt Department of State employee.   Thus, the defendant's conduct in the conspiracy therefore warrants a more significant sentence than the 60-months of imprisonment imposed on both Xueyong Wu and George Yu.

The Court also must consider the need to avoid unwarranted sentencing disparities among similarly situated defendants.  18 U.S.C. § 3553(a)(6).  This Court sentenced co-conspirator Qiyun

Chen, who had direct ties to Mexican DTOs and who received a role enhancement under U.S.S.G § 3B1.1, to 120 months of imprisonment.  Because the defendant played a lesser role in the conspiracy compared to Qiyun Chen, the government submits that a sentence at the low end of the properly calculated guidelines range is reasonable and will avoid unwarranted sentencing disparities.

Under the circumstances, the government submits that a sentence of 97 months would be reasonable and "sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]."  18 U.S.C. § 3553(a).

## CONCLUSION

For the foregoing reasons, the government recommends that the Court impose a sentence of 97 months of imprisonment.


Respectfully submitted,

Deborah Connor, Chief
Money Laundering and Asset Recovery
Section
Criminal Division
U.S. Department of Justice

By:      /s/ Kerry Blackburn
Kerry Blackburn
Oklahoma Bar (22918)
Trial Attorney
Money Laundering and Asset Recovery
Section
Criminal Division
U.S. Department of Justice
Kerry.blackburn2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2021, I filed the foregoing with the Clerk through CM/ECF and provided an electronic copy to Jonathan Ashley Simms, Esq., counsel for the defendant.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____/s/_____
David A. Peters
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia 2100
Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
David.peters@usdoj.gov

7